IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RONNIE BOOHER, | ) |
|        Plaintiff, | ) |
| v. | )   Case No. 22-CV-6014-SRB |
| DOUGLAS DALE, *et al.*, | ) |
|        Defendants. | ) |

## **ORDER**

Before the Court is Defendants Harrison County Health Department and Administrator Courtney Cross's (in her official capacity) (collectively, "the HCHD Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. #97.) For the reasons stated below, the motion is GRANTED.

The HCHD Defendants argue that Plaintiff's claims should be dismissed because his "allegations do not conform to the requirements of the Federal Rules of Civil Procedure and therefore fail as a matter of law." (Doc. #97, p. 4.) Plaintiff opposes the motion, conclusively stating that the HCHD Defendants have violated his rights.[1]

"To state a claim under Federal Rule of Civil Procedure 8(a)(2), the pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015) (citations and quotations omitted). "This requirement is designed to give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

[1] Plaintiff appears to request leave to amend his complaint. The Court denied Plaintiff's most recent motion to amend the complaint on June 21, 2022. (Doc. #130.) To the extent Plaintiff further requests to amend his complaint, the request is denied for failure to attach a proposed amended complaint. *See Popoalii v. Corr. Med. Serv.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding it appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

rests." *Id*. (citations and quotations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts–not mere legal conclusions–that, if true, would support the existence of" the asserted claims." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1062 (8th Cir. 2005).

The Court finds that Plaintiff's allegations against the HCHD Defendants do not satisfy the requirements of Rule 8(a). In his Second Amended Complaint, Plaintiff alleges a claim of negligence against "ALL DEFENDANTS' NAMED IN THIS CASE." (Doc. #64, p. 22.) The entirety of Plaintiff's allegations against the HCHD Defendants are:

> The State, The Commission and The Harrison County Health Department's Malfeasance/ Non-Feaseance against Plaintiff , forced him to leave the State, Because of "LAX Pesticide enforcement." Plaintiff; Suffered dearly because of the States NEGLIGENCE to properly enforce Pesticides, his dreams of starting a little Organic Farm ripped from him, due to the State of Missouri.

(Doc. #64, p. 43.) The complaint does not elaborate on what duty the HCHD Defendants owed to Plaintiff, how they breached such a duty, or how they specifically caused Plaintiff damages. The complaint does not contain facts that would give the HCHD Defendants fair notice of Plaintiff's claim and the ground it rests upon. For this reason, the Court finds that Plaintiff's allegations do not satisfy Rule 8(a).[2]

Accordingly, the HCHD Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #97) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 22, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

---

[2] As the Court finds Plaintiff's claims fail to meet the requirements of F.R.C.P. 8(a), the Court need not address HCHD's other arguments.