IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RONNIE BOOHER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-CV-6014-SRB |
| DALE FARMING CO., et al., | ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendants MFA, Inc. d/b/a MFA Agri-Services, Steven Rutledge, and Bruce Nail's ("the MFA Defendants") Motion to Dismiss. (Doc. #93.) For the reasons stated below, the motion is GRANTED.

The MFA Defendants argue that Plaintiff Ronnie Booher's ("Plaintiff") claims should be dismissed because "the nature of the claims against these Defendants are unclear" and Plaintiff "has not pled any allegations supporting the elements of" his negligence claim. (Doc. #93, p. 8.) Plaintiff does not appear to oppose the motion.[1]

A defendant may challenge a pleading's sufficiency in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To state a claim under Federal Rule of Civil Procedure 8(a)(2), the pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015) (quotations omitted). "This requirement is designed to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (citations and quotations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts–not mere legal conclusions–that, if

---

[1] Plaintiff currently has a pending motion for leave to amend the complaint. (Doc. #133.) The motion to amend will be addressed when it is fully briefed by the parties.

true, would support the existence of the asserted claims." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1062 (8th Cir. 2005) (citation omitted).

The Court finds that Plaintiff's allegations against the MFA Defendants do not satisfy the requirements of Rule 8(a)(2). In his Second Amended Complaint, Plaintiff states a claim for negligence against "ALL DEFENDANTS' NAMED IN THIS CASE." (Doc. #64, p. 22.) The Second Amended Complaint alleges only the following four facts regarding the MFA Defendants:

1. MFA employee Bruce Nail sprayed Plaintiff with pesticides in "[v]iolat[ion of] all LAWS associated with . . . EPA labels[,]" (Doc. #64, p. 9);
2. MFA employee Steven Rutledge "misled" Plaintiff by assuring him that pesticides were harmless in order to "try and get Plaintiff's land and all belongings[,]" (Doc. #64, p. 25);
3. Steven Rutledge "started to aid and abet the crimes by . . . assuring the victim to lose" and "maliciously hid evidence from the investigation[,]" (Doc. #64, p. 25); and
4. MFA's use of "Biological Weapons" caused Plaintiff's injuries of "Bladder Wall Thickening and Liver Enzymes Elevated" (Doc. #64, p. 10).

These allegations do not comply with Rule 8(a)(2). These statements are conclusory and do not allow the Court to draw a reasonable inference that the MFA Defendants are liable for misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth."). Plaintiff has not pled sufficient facts to demonstrate he is entitled to relief. *See id*. (quoting Fed. R. Civ. P. 8(a)(2)) ("But where the well-pleaded facts to do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but is has not 'show[n]'–'that the pleader is entitled to relief.'"). For this reason, the Court finds that Plaintiff's allegations do not satisfy Rule 8(a)(2) and that Plaintiff's claim against the MFA Defendants must be dismissed pursuant to Rule 12(b)(6).

Accordingly, the MFA Defendants' Motion to Dismiss (Doc. #93) is GRANTED.

**IT IS SO ORDERED.**

Dated: June 28, 2022

/s/ Stephen R. Bough  
STEPHEN R. BOUGH  
UNITED STATES DISTRICT JUDGE