IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RONNIE BOOHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-6014-SRB |
| | ) | |
| DOUGLAS DALE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Defendant Harrison County Community Hospital's ("HCCH") Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. #95.) For the reasons stated below, the motion is GRANTED.

Plaintiff Ronnie Booher ("Plaintiff") asserts a negligence claim against and seeks monetary damages from HCCH. HCCH argues that it is immune to Plaintiff's claims under the Eleventh Amendment. Plaintiff argues that HCCH is not entitled to sovereign immunity because such immunity would violate his civil rights.[1]

A defendant may challenge a pleading's sufficiency in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "Under current Missouri law, the state's political subdivisions, such as hospital districts, *see* Mo. Rev. Stat. § 206.010.2, are immune to suits for negligence and intentional torts." *Root v. New Liberty Hosp. Dist.*, 209 F.3d 1068, 1069 (8th Cir. 2000) (citation omitted). "[S]overeign immunity is not an affirmative defense and . . . the plaintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity[.]" *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137 (Mo. App. E.D.

---

[1] Plaintiff currently has a pending motion for leave to amend the complaint. (Doc. #133.) The motion to amend will be addressed when it is fully briefed by the parties.

2009) (citations omitted). "Accordingly, to state a cause of action sufficient to survive a motion to dismiss on the pleadings, . . . [the plaintiff] must plead facts, which if taken as true, establish an exception to the rule of sovereign immunity." *Thomas v. City of Kansas City*, 92 S.W.3d 92, 101 (Mo. App. W.D. 2002). Missouri law provides exceptions to the rule of sovereign immunity where a plaintiff suffers injuries (1) "directly resulting from . . . the operation of motor vehicles" by public employees and (2) caused by a "dangerous condition" existing on public property. Mo. Rev. Stat. § 537.600.1(1)–(2).

The Court finds that HCCH is entitled to sovereign immunity and is immune to suits for negligence. HCCH is a hospital district in the state of Missouri and is entitled to sovereign immunity. *See* Mo. Rev. Stat. § 206.010.2 (authorizing the creation of hospital districts).

Because HCCH is entitled to sovereign immunity, Plaintiff must plead facts that establish an exception to the rule of sovereign immunity in order to state a claim. *See Richardson*, 293 S.W.3d at 137. In his Second Amended Complaint, Plaintiff states a claim for negligence against "ALL DEFENDANTS' NAMED IN THIS CASE." (Doc. #64, p. 22.) Plaintiff states that he visited HCCH for treatment after pesticide exposure but that he "did not mention Pesticides during this Visit, [and] The Physician was extremely nice and did a CT Scan[.]" (Doc. #64, p. 9.) Plaintiff further states that he "feels as The Corporate Hospitals Systems are BROKEN by their processes, and procedures are broken." (Doc. #64, p. 23.) However, Plaintiff does not allege facts establishing an exception to sovereign immunity. *See* Mo. Rev. Stat. § 537.600. Therefore, Plaintiff's claims against HCCH must be dismissed.

For the reasons stated above, HCCH's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #95) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 5, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE