# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

RONNIE BOOHER,                          )
                                                )
        Plaintiff,                     )
                                                  )
      v.                               )      Case No.  22-CV-6014-SRB
                                                  )
DOUGLAS DALE, et al.,                    )
                                                )
        Defendants.                     )

## ORDER

Before the Court is Defendant Kenneth Chad Lambert, D.O.'s ("Dr. Lambert") Motion to Dismiss Plaintiff's Second Amended Complaint.  (Doc. #96.)  For the reasons stated below, the motion is GRANTED.

Dr. Lambert argues that Plaintiff Ronnie Booher's ("Plaintiff") claims against him should be dismissed because the complaint "fails to set forth any facts from which to conclude that Dr. Lambert had any involvement with the activities alleged."  (Doc. #96, p. 3.)  In his response, Plaintiff states that Dr. "Lambert is involved in this conspiracy to conspire against the plaintiff by aiding and abetting by conflict of interests through relations.  Therefore, committing a 5,000 fold, double edged sword approach against the Victim/Plaintiff."[1] (Doc. #122, p. 1.)

A defendant may challenge a pleading's sufficiency in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  "To state a claim under Federal Rule of Civil Procedure 8(a)(2), the pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015) (quotations omitted).  "This requirement is designed to give the defendant fair notice of what the

---

[1] Plaintiff currently has a pending motion for leave to amend the complaint.  (Doc. #133.)  The motion to amend will be addressed when it is fully briefed by the parties.

. . . claim is and the grounds upon which it rests." *Id.* (citations and quotations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts–not mere legal conclusions–that, if true, would support the existence of the asserted claims." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1062 (8th Cir. 2005).

The Court finds that Plaintiff's allegations against Dr. Lambert do not satisfy the requirements of Rule 8(a). In his Second Amended Complaint, Plaintiff states a claim for negligence against "ALL DEFENDANTS' NAMED IN THIS CASE." (Doc. #64, p. 22.) The Second Amended Complaint substantively mentions Dr. Lambert's name once, stating:

> Negligence in Health Care, The Health Care Defendants, had Responsibilities to the Plaintiff, They Breached That Duty, and their breach of Duties was the Actual Causation of Further Damage, By Failure to Recognize Poisonings, Caffeine Overdose, if they cant find caffeine, How are they to find Biological Agents? Furthermore; The Health Defendants, Violated Several Laws along their way to Deceive the Patient, By providing False information State the Sarcoidosis is in Remission, That is completely False and has never been in Remission, Plaintiff States he was having a Sarcoid Flare Underneath Proxim[i]ty of 30 Physicians and all could not See it or covered it up, Like Dr. Lambert did with my Deformations, Plaintiff found, They maliciously altered Documents, to Deceive the Court[.]

(Doc. #64, pp. 21-22.)

These allegations do not comply with Rule 8(a)(2). These statements are conclusory and do not allow the Court to draw a reasonable inference that the Dr. Lambert is liable for misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth."). Plaintiff has not pled sufficient facts to demonstrate he is entitled to relief. *See id.* (quoting Fed. R. Civ. P. 8(a)(2)) ("But where the well-pleaded facts to do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but is has not 'show[n]'–'that the pleader is entitled to relief.'"). For this reason, the Court finds that

Plaintiff's allegations do not satisfy Rule 8(a)(2) and that Plaintiff's claim against Dr. Lambert must be dismissed pursuant to Rule 12(b)(6).

For the reasons stated above, Dr. Lambert's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #96) is GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: July 5, 2022                    UNITED STATES DISTRICT JUDGE