IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RONNIE BOOHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-06014-SRB |
| | ) | |
| DALE FARMING CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Ronnie Booher's ("Plaintiff") two *pro se* filings titled "2nd Motion for Judgment by Default; Plaintiff; Requesting an Entry of Default Against 'MFA' 'Dale Farming Company' and 'Andrew Callaway Farms" for Failure to Resp[]ond to Summons,' (Doc. #102), and "(Revised) 2nd Motion for Judgment by Default; Plaintiff; Requesting an Entry of Default Against 'MFA' 'Dale Farming Company' and 'Andrew Callaway Farms' for Failure to Resp[]ond to Summons," (Doc. #103). The Court construes Mr. Booher's filings as a motion for default judgment against Defendants MFA, Inc. ("MFA"), Dale Brothers Farming Company, and Andrew Callaway Farms.[1] On July 1, 2022, the Court denied Plaintiff's instant motions in part as it relates to Defendants MFA and Dale Brothers Farming Company because they had been dismissed from this case. (Doc. #154.) The Court will now address the motions as they relate to the remaining Defendant, Andrew Callaway Farms. For the reasons stated below, the motions are DENIED.

---

[1] On January 20, 2022, Plaintiff filed his first complaint, naming "Andrew Callaway Farms" as a Defendant, representing that Andrew Calloway Farms "is incorporated under the laws of the State of Missouri, and as its principal place of business in" Missouri. (Doc. #1, p. 3.) Andrew Callaway Farms argues that Plaintiff has sued Andrew Callaway in his individual capacity and that Plaintiff has not served Andrew Callaway properly under Federal Rule of Civil Procedure 4(e). Even if Plaintiff had sued Andrew Callaway in his individual capacity, service of an individual via certified mail is not proper. *See* Fed. R. Civ. P. 4(e)(2); *see also* Mo. Sup. Ct. R. 54.13(b)(1).

"Default judgment is appropriate where the party against whom the judgment is sought has engaged in 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)). For example, default judgment is appropriate "when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citation omitted).

"Before a default may be entered, the party to be defaulted must have been properly served with process." *Hallquist v. United Home Loans, Inc.*, No. 11-04265-CV-C-NKL, 2012 WL 393359, at *1 (W.D. Mo. Feb. 6, 2012) (citation omitted). The Federal Rules of Civil Procedure provide for service of a corporation by:

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and that statute so requires—by also mailing a copy to each defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). The Federal Rules of Civil Procedure also allow service of a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); *see* Fed. R. Civ. P. 4(h)(1)(A).[2] Missouri Supreme Court Rule 54.13(b)(3) provides for service of a corporation by:

> [D]elivering a copy of the summons and petition to an office, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive such service of process.

---

[2] Plaintiff alleges that Andrew Callaway Farms is incorporated in Missouri, therefore, the Court finds that Missouri service rules apply pursuant to Federal Rule of Civil Procedure 4(e)(1) and (h)(1)(A).

Plaintiff must serve a defendant "within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). "[F]iling an amended complaint in itself does not toll the service period." *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) (alteration in original) (citation and quotations omitted).

The Court finds that Andrew Callaway Farms has not been properly served such that default judgment is not appropriate. On March 29, 2022, Plaintiff filed a receipt representing that he attempted to serve Andrew Callaway Farms via certified mail at 32346 W. State Highway 13, Bethany, Missouri 64424. (Doc. #29-1.) Service of Andrew Callaway Farms via certified mail does not constitute proper service of a corporation pursuant Rule 4(h) or Missouri law. *See Larson v. Mayo Med. Ctr.*, 218 F.3d 863, 867–68 (8th Cir. 2000) (holding that if a defendant does not waive service then personal service must be obtained); *see also Lamb v. Bank of Am., N.A.*, No. 4:11-CV-819 CAS, 2012 WL 87146, at *2 (E.D. Mo. Jan 11, 2012) ("Service of summons on defendants by mail, even certified mail, is improper under both Missouri and federal law.").

Accordingly, Plaintiff's motions for default judgment (Doc. #102, Doc. #103) are **DENIED**.

**IT IS SO ORDERED.**

Dated: July 8, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE