# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RONNIE BOOHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-06014-SRB |
| ) | |
| DALE FARMING CO., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On July 7, 2022, the Court granted Defendant Richard Kimmel, M.D.'s Motion to Dismiss (Doc. #164), leaving only Douglas Dale, Andrew Callaway, Randy Joiner, Jeff Smith, Jason Weirich, Chuck Margo, Edward D. Breen, Harrison County Governing Body, Craig Kleppe, and O-Connor Law Firm as the remaining defendants. On July 8, 2022, the Court ordered Plaintiff to show cause "why this case should not be dismissed for failure to properly serve the remaining defendants within the time required by Federal Rule of Civil Procedure 4(m)." (Doc. #166.) In response, Plaintiff states that he was unable to effectuate service on the remaining defendants:

> The Operator working for The Harrison County Sheriff[']s Department was an extremely deceitful and rude person[;] she violated several Federal Laws in this case. Aiding and Abetting The Biological Terrorists. Therefore[,] Service by the law, in that county was a waste of time. The rest of the Sheriff's Departments upheld their duties. Thence Booher, choosing waiver request methods, per civil procedure 4.

(Doc. #169, p. 1.) Plaintiff argues that he has mailed waivers of service to Defendants Douglas Dale, Andrew Callaway, Jeff Smith, and Matthew O'Connor (presumably of O-Connor law firm).

Federal Rule of Civil Procedure 4 provides for service of process by serving a defendant with a summons and a copy of a complaint, and proved by the filing of an affidavit of the process server. *See* Fed. R. Civ. P. 4(c), (*l*)(1). A plaintiff may also "notify such a defendant that an action

has been commenced and request that the defendant waive service of summons." Fed. R. Civ. P. 4(d)(1). Upon receiving the notice and request, a defendant may decline to waive service. *See* Fed. R. Civ. P. 4(d)(2) (imposing a financial disincentive on defendants who elect not to waive). "If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant[.]" Fed. R. Civ. P. 4(m).

Here, Plaintiff has not served the remaining defendants as required by Rule 4(m). Plaintiff filed his complaint on January 20, 2022, meaning all defendants must have been served within 90 days, or by April 20, 2022. Although Plaintiff represents he mailed requests to waive service to Defendants Douglas Dale, Andrew Callaway, Jeff Smith, and Matthew O'Connor, these Defendants have not agreed to waive service. Further, Plaintiff does not argue he has otherwise effectuated service on Randy Joiner, Jason Weirich, Chuck Margo, Edward D. Breen, Harrison County Governing Body, Craig Kleppe, and O-Connor Law Firm.

Accordingly, because Plaintiff has failed to show cause why this case should not be dismissed pursuant to the Court's July 8, 2022 Order (Doc. #166), it is hereby **ORDERED** that Defendants Douglas Dale, Andrew Callaway, Randy Joiner, Jeff Smith, Jason Weirich, Chuck Margo, Edward D. Breen, Harrison County Governing Body, Craig Kleppe, and O-Connor Law Firm are **DISMISSED** from this action for want of service.

As no other defendants remain in this case, it is FURTHER ORDERED that this case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Dated: July 13, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE